UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Mary Luise Miller,
        Plaintiff

        v.                                    Case No. 12-cv-180-SM
                                              Opinion No. 2012 DNH 130
Nationstar Mortgage, LLC;
Andrew Harmon; Joshua D. Shakun;
and George A. Karambelas,
        Defendants

**O R D E R**

This action arises out of a dispute between pro se
plaintiff, Mary Luise Miller, and her (former) mortgage
lender, Nationstar Mortgage.  In her original complaint,
Miller "petition[ed] this court for review of the N.H. Supreme
Court order, dated February 10, 2011, dismissing Miller's
appeal, and the lawfulness of a Writ of Possession, dated
April 16, 2012."  Petition for Review (document no. 1) at 1.
Subsequently, Miller amended her complaint, to add three
individual defendants and to advance claims that defendants
violated several of her federally protected constitutional
rights, committed a fraud upon the state court(s), were
unjustly enriched at her expense, and conspired among
themselves to unlawfully deprive her of her property.

Defendants move to dismiss plaintiff's claims and, for the reasons discussed, that motion is granted.

## Standard of Review

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader." S.E.C. v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010). Although the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal punctuation omitted).

Here, in support of their motion to dismiss, defendants rely upon written decisions issued by the New Hampshire Superior Court (Strafford County) and the New Hampshire Supreme Court in prior litigation between Miller and Nationstar. Although a court must typically decide a motion to dismiss exclusively upon the allegations set forth in the complaint (and any documents attached to that complaint) or

convert the motion into one for summary judgment, see Fed. R. Civ. P. 12(b), there is an exception to that general rule:

> [C]ourts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.

Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (citations omitted). See also Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008); Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998). Since Miller does not dispute the authenticity of the judicial opinions upon which defendants rely, the court may properly consider those documents without converting defendants' motion into one for summary judgment.

## Background

Based upon the allegations contained in the amended complaint, as well as the facts set forth in the two written decisions issued by the state courts, the pertinent background is as follows. Nationstar held a mortgage deed to Miller's home, located in Farmington, New Hampshire. That mortgage and the associated promissory note (in the principal amount of $100,300) were duly recorded in the Strafford County Registry

3

of Deeds.  In September of 2007, Miller defaulted on the loan.
In 2008, after efforts to restructure her loan failed,
Nationstar foreclosed on Miller's property.  At the
foreclosure sale, it purchased the property for approximately
$107,300.  Subsequently, Nationstar brought an action in
Strafford County Superior Court seeking to evict Miller from
the property.  In response, Miller filed counterclaims against
Nationstar, seeking $1,000,000 in damages and a judicial
declaration that she retained title to the property.

Nationstar moved for summary judgment, asserting that it
had complied with New Hampshire's statutory foreclosure
process and was, therefore, entitled to a declaration that it
held title to the subject property, as well as an order
compelling Miller to vacate the premises.  The court agreed
and granted Nationstar's motion.  As to Miller's counterclaims
against Nationstar, the court concluded that:

> [E]ven construing Ms. Miller's pleadings liberally
> and assuming the facts she asserts to be true, she
> has failed to state a claim upon which relief can be
> granted.  Her pleadings do not sufficiently state
> the factual or legal bases for her counterclaims to
> put Nationstar and the court on notice of them.
> Additionally, when given an opportunity during the
> October 23, 2009 hearing to explain the bases for
> her claims, Ms. Miller was unable to state a valid
> claim of any sort.

4

Exhibit A to Defendant's Memorandum (document no. 14-1),

Nationstar Mortgage, LLC v. Marie Miller, Case no. 219-2008-

EA-206 (N.H. Sup. Ct. November 23, 2009) ("Nationstar I").


    Miller appealed to the New Hampshire Supreme Court, which

affirmed the superior court's decision in all respects.

> [W]e cannot conclude that the trial court erred by
> granting the plaintiff summary judgment as to its
> claim, and dismissing the defendant's counterclaims.
>
> With respect to the remaining arguments in the
> defendant's brief, including her arguments that the
> trial court lacked jurisdiction and violated her
> constitutional rights, the arguments are either
> unsupported by the record or are without merit,
> warranting no further discussion.

Exhibit B to Defendant's memorandum (document no. 14-2),

Nationstar Mortgage, LLC v. Marie Miller, Case no. 2010-113

(N.H. February 10, 2011) ("Nationstar II") (citations

omitted).  Accordingly, the state courts have held that: (1)

Nationstar complied with New Hampshire's statutory foreclosure

process and now holds lawful title to the subject property;

(2) Miller has been lawfully divested of any interest in that

property; and (3) Miller's jurisdictional and constitutional

claims (at least as to Nationstar) are without merit.

Subsequently, Miller instituted the instant proceeding against Nationstar, as well as three attorneys who apparently represented Nationstar during the course of its negotiations with Miller and, subsequently, the foreclosure of its mortgage deed to her property.

## Discussion

Defendants are entitled to the dismissal of Miller's complaint for several reasons.  First, to the extent Miller seeks "review of the N.H. Supreme Court order, dated February 10, 2011," as alleged in her original complaint (document no. 1), the Rooker-Feldman doctrine plainly precludes such federal review of state court decisions.  As this court has previously observed:

> The combined effect of the Rooker-Feldman doctrine and the res judicata doctrine precludes this court's consideration of Edwards's dubious legal claims.  It is well-established under the Rooker-Feldman doctrine that the inferior federal courts are without jurisdiction to review state court decisions and, as a corollary, lack jurisdiction to consider claims that are inextricably intertwined with review of those proceedings.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); Wang v. New Hampshire Bd. of Registration in Medicine, 55 F.3d 698, 703 (1st Cir. 1995).  Federal claims are inextricably intertwined with a state proceeding (even if precisely the same claims were not raised previously in state litigation) if the party had an opportunity to raise

> those claims in state court, and if resolution of
> the claims in federal court would effectively
> provide a form of federal appellate review of the
> state court's decision.  See Pennzoil Co. v. Texaco,
> 481 U.S. 1, 25 (1987) (Marshall, J., concurring);
> Moccio, 95 F.3d at 199-200; Ritter v. Ross, 992 F.2d
> 750, 754 (7th Cir. 1993), cert. denied, 510 U.S.
> 1046 (1994); Lancellotti v. Fay, 909 F.2d 15, 17
> (1st Cir. 1990).  Thus, the Rooker-Feldman doctrine
> precludes a party who loses in state court from
> dressing his claims in federal clothing in order to
> gain federal review of the disappointing state
> result.  Ritter, 992 F.2d at 754.

Edwards v. City of Manchester, Case no. 96-cv-517-SM, slip op.

at 3-4 (D.N.H. Dec. 17, 1996).  Second, with regard to her

claims that defendants deprived her of various federally

protected constitutional rights (counts one, two, four, and

five), there is no plausible suggestion that defendants were

ever acting as agents of the State or under color of state law

- an essential element to any such claim.  See generally 42

U.S.C. § 1983.


     Finally, Miller's claims against Nationstar and its

attorneys are barred by the doctrines of res judicata and

collateral estoppel.  "The doctrine of res judicata precludes

the litigation in a later case of matters actually litigated,

and matters that could have been litigated, in an earlier

action between the same parties for the same cause of action."

In re Alfred P., 126 N.H. 628, 629 (1985) (citations omitted).

"In order for res judicata to apply to a finding or ruling, there must be 'a final judgment by a court of competent jurisdiction [that] is conclusive upon the parties in a subsequent litigation involving the same cause of action.'" In re Donovan, 137 N.H. 78, 81 (1993) (quoting Marston v. United States Fidelity & Guar. Co., 135 N.H. 706, 710 (1992)). "The term 'cause of action' means the right to recover, regardless of the theory of recovery." Eastern Marine Constr. Corp. v. First Southern Leasing, 129 N.H. 270, 274 (1987) (citations omitted).

In light of the decisions by both the New Hampshire Superior Court and the Supreme Court, Miller's claims against Nationstar are plainly barred by both the Rooker-Feldman and res judicata doctrines.  See generally, Dillon v. Select Portfolio Servicing, Inc., 2009 WL 242912, DNH 12 (D.N.H. 2009) (discussing the doctrine of res judicata in a substantially similar case that involved state court litigation by a mortgagor to enjoin a foreclosure, followed by federal litigation against the mortgagee), aff'd 630 F.3d 75 (1st Cir. 2011).  Any state or federal claims that Miller now advances against Nationstar could have, and should have, been raised and litigated in the earlier state court proceedings.

The three individually named attorneys were not, however, parties to the underlying state court litigation between Miller and Nationstar.  Consequently, the preclusive effect of that litigation - at least as to them - is somewhat more complicated.  Although they say that they, too, are shielded from Miller's current claims by principles of res judicata (because they say they were "in privity" with Nationstar), it is probably more appropriate to focus on the application of collateral estoppel.  Collateral estoppel is a related doctrine which "precludes the relitigation by a party in a later action of any matter actually litigated in a prior action in which he or someone in privity with him was a party."  In re Alfred P., 126 N.H. at 629.  "While collateral estoppel does not require an identity of the earlier and later causes of action, it precludes the relitigation only of issues actually raised and determined in the earlier litigation."  Morgenroth & Assocs. v. State, 126 N.H. 266, 270 (1985).

Three conditions must be met before collateral estoppel can arise: "[T]he issue subject to estoppel must be identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped must have appeared as a party in the first action, or have been in

privity with someone who did so.  These conditions must be
understood, in turn, as particular elements of the more
general requirement, that a party against whom estoppel is
pleaded must have had a full and fair prior opportunity to
litigate the issue or fact in question."  Daigle v. City of
Portsmouth, 129 N.H. 561, 570 (1987).


Here, there is no doubt that each of the three essential
elements of collateral estoppel is present.  Miller was a
party to the underlying state court action.  That action was
resolved on the merits - fully and finally - when the New
Hampshire Supreme Court issued its decision affirming the
superior court's order granting summary judgment to Nationstar
and dismissing Miller's counterclaims (Miller did not appeal
that order to the United State Supreme Court).  And, finally,
the central, dispositive issue in the state court litigation
and this case is the same: whether Nationstar and its agents
conducted the foreclosure sale of Miller's property in
accordance with state law.  That issue was resolved in favor
of Nationstar, and against Miller:

> Nationstar now moves for summary judgment, arguing
> that it complied with the foreclosure process as
> laid out in RSA 479:26, and that it is therefore
> entitled to a judgment declaring that title to the
> property is vested in Nationstar. . . . As to the

> procedure surrounding the foreclosure sale,
> Nationstar has established to the court's
> satisfaction that there is no genuine issue of
> material fact and it is entitled to a judgment as a
> matter of law. . . . . Therefore, the court GRANTS
> Nationstar's motion for summary judgment.

Nationstar I, at 2.  Consequently, Miller cannot relitigate
that issue (or derivative issues) in this forum.

## Conclusion

Miller had a full and fair opportunity in the state court
system to litigate her various claims concerning the legality
and constitutionality of the foreclosure sale of her home by
Nationstar and its agents.  Those issue were resolved against
her.  Consequently, she cannot relitigate them in this forum,
nor does this court have jurisdiction to "review" the
decisions of the state courts.  Defendants' motion to dismiss
(document no. 14) is, therefore granted.  Plaintiff's motion
for entry of default based upon defendants' alleged failure to
answer her complaint (document no. 15) is denied.  In lieu of
an answer, defendants filed a motion to dismiss, as is
permitted by the federal rules.  See Fed. R. Civ. P. 12.[1]

---

[1]     Defendant George Karambelas filed an answer before
defendants submitted their joint motion to dismiss.
Accordingly, as to him, the court has treated that motion as
one for judgment on the pleadings.  See Fed. R. Civ. P. 12(c).

The Clerk of Court shall enter judgment in accordance with this order and close the case.

   **SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 14, 2012

cc:  Kurt R. McHugh, Esq.
     George A. Karambelas, Esq.
     Marie Luise Miller